H898POWP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                              17 Cr. 40 (AJN)

JONATHAN POWELL,

            Defendant.

------------------------------x

                                August 9, 2017
                                11:10 a.m.

Before:

                  HON. ALISON J. NATHAN

                                District Judge

                    APPEARANCES

JOON H. KIM
    Acting United States Attorney for the
    Southern District of New York
CHRISTOPHER J. DiMASE
    Assistant United States Attorney

DEBORAH A. COLSON
    Attorney for Defendant

H898POWP

```
 1            (Case called)
 2            THE COURT:  I will take appearances of counsel,
 3    beginning with the government.
 4            MR. DiMASE:  Good morning, your Honor.  Christopher
 5    DiMase for the government.
 6            THE COURT:  Good morning, Mr. DiMase.
 7            MS. COLSON:  Good morning, your Honor.  Deborah Colson
 8    for Mr. Powell.
 9            THE COURT:  Good morning, Ms. Colson.
10            Good morning, Mr. Powell.
11            Ms. Colson, I have been informed that your client
12    wishes to plead guilty to Count One of the information 17 Cr.
13    40.  Is that correct?
14            MS. COLSON:  That's correct, your Honor.
15            THE COURT:  He was arraigned on this information
16    previously, correct?  This is not a superseding information,
17    correct, Mr. DiMase?
18            MR. DiMASE:  That's correct, your Honor.
19            THE COURT:  Mr. Powell, before I accept your guilty
20    plea, I am going to ask you certain questions so that I can
21    establish to my satisfaction that you wish to plead guilty
22    because you are guilty and not for some other reason, and also
23    to establish that you know what you will be giving up by
24    pleading guilty.
25            If you don't understand any of my questions, or you
```

H898POWP

```
 1    want time to consult with your attorney at any time or for any

 2    reason, you just let me know, and I will give you as much time

 3    as you need.  OK?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  Because I will ask you questions today,

 6    Mr. Powell, I am going to place you under oath.  I will ask you

 7    to please rise and raise your right hand.

 8              (Defendant sworn)

 9              THE COURT:  You may be seated.

10              Mr. Powell, you are now under oath, which means that

11    if you answer of any questions falsely, you may be prosecuted

12    for the separate crime of perjury.

13              Do you understand that?

14              THE DEFENDANT:  Yes, your Honor.

15              THE COURT:  What is your full name?

16              THE DEFENDANT:  Jonathan Cohen Powell.

17              THE COURT:  How old are you?

18              THE DEFENDANT:  30 years old.

19              THE COURT:  How far did you go in school?

20              THE DEFENDANT:  Bachelor's degree.

21              THE COURT:  Have you ever been treated for any mental

22    illness?

23              THE DEFENDANT:  I am currently seeing two therapists

24    right now.

25              THE COURT:  What are you being treated for?
```

H898POWP

1          THE DEFENDANT:  Just in regards to this crime and what

2     led me to commit this.

3          THE COURT:  Any medication as a result of that

4     treatment or therapy?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Have you ever been treated for any type of

7     addiction, including drug or alcohol addiction?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Have you taken any drugs, medicine, pills

10     or alcoholic beverages in the past two days?

11          THE DEFENDANT:  No, your Honor.

12          THE COURT:  Your mind is clear today?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  You understand what is happening here

15     today?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Does either counsel have any doubt as to

18     Mr. Powell's competence to plead at this time?

19          MR. DiMASE:  No.

20          MS. COLSON:  No, your Honor.

21          THE COURT:  On the basis of Mr. Powell's responses to

22     my questions, my observations of his demeanor here in court,

23     and the representations of counsel, I do find that he is fully

24     competent to enter an informed plea of guilty at this time.

25          Mr. Powell, I want to confirm again that you did

H898POWP

1    receive a copy of the information in this case.  That's the

2    document that contains the charge against you.

3              Did you receive that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  You had an opportunity to read it and

6    discuss it with your lawyer?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Have you had enough of a chance to discuss

9    with your lawyer the charge to which you intend to plead guilty

10   and any possible defenses to that charge?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Has your lawyer explained to you the

13   consequences of entering a plea of guilty?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Are you satisfied with your lawyer's

16   representation of you?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Mr. Powell, I am now going to explain

19   certain constitutional rights that you have.  These are rights

20   you will be giving up if you enter a guilty plea.  So, again,

21   please listen carefully to what I am about to say, and if there

22   is anything you don't understand, you let me know, and either I

23   or your lawyer will explain the matter more fully.

24             Under the Constitution and laws of the United States,

25   you have a right to plead not guilty to the charge in the

H898POWP

1    information.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  If you did plead not guilty, you would be

5    entitled to a speedy and public trial by a jury on the charge

6    contained in the information.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  At a trial, you would be presumed to be

10   innocent and the government would be required to prove you

11   guilty by competent evidence beyond a reasonable doubt before

12   you could be found guilty.

13             Do you understand that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  A jury of 12 people would have to agree

16   unanimously that you were guilty, and you would not have to

17   prove that you were innocent if you were to go to trial.

18             Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  At that trial, and at every stage of your

21   case, you would be entitled to be represented by a lawyer.  If

22   you couldn't afford a lawyer, one would be appointed at public

23   expense, that is free of cost to you, to represent you.

24             Do you understand that?

25             THE DEFENDANT:  Yes, your Honor.

H898POWP

1            THE COURT:  During a trial, the witnesses for the

2    government would have to come to court and testify in your

3    presence, and your lawyer could cross-examine the witnesses for

4    the government, object to evidence offered by the government,

5    and offer evidence on your own behalf if you so desired.  You

6    would have the right to have subpoenas issued or other process

7    used to compel witnesses to testify in your defense.

8            Do you understand that?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  At a trial, although you would have the

11   right to testify if you chose to do so, you would also have the

12   right not to testify.  If you decided not to testify, no one,

13   including the jury, could draw any inference or suggestion of

14   guilt from the fact that you did not testify.

15           Do you understand that?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Do you understand that as a result of

18   pleading guilty, you are giving up your right to seek

19   suppression of any evidence against you.

20           Do you understand that?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  If you were convicted at a trial, you

23   would have the right to appeal that verdict.

24           Do you understand that?

25           THE DEFENDANT:  Yes, your Honor.

H898POWP

1           THE COURT:  So even now, as you are here entering this

2    plea, you do have the right to change your mind, plead not

3    guilty, and go to trial on the charges contained in the

4    information.

5           Do you understand that?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  If you plead guilty and if I accept your

8    plea, you will give up your right to a trial and the other

9    rights I have just discussed, other than the right to a lawyer,

10   which you have regardless of whether or not you plead guilty.

11   But if you plead guilty, there will be no trial, and I will

12   enter a judgment of guilty and then sentence you at a later

13   date on the basis of your plea, after I have considered a

14   presentence report and the submissions that I get from your

15   lawyer and from the government.

16          Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  If you plead guilty and if I accept your

19   plea, there will be no trial and no appeal with respect to

20   whether you did or did not commit this crime.

21          Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  If you plead guilty, you will also have to

24   give up your right not to incriminate yourself because I will

25   ask you questions today about what you did in order to satisfy

H898POWP

1   myself that you are guilty as charged, and you will have to

2   admit and acknowledge your guilt.

3            Do you understand that?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Mr. Powell, are you willing to give up

6   your right to a trial and the other rights I have just

7   discussed with you?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  I am going to turn to the charge against

10  you.  Do you understand you are charged in the information in

11  Count One with intentionally accessing a protected computer

12  without authorization, in violation of Title 18 of the United

13  States Code, Sections 1030(a)(5)(B) and 1030(c)(4)(A)(i)(1).

14           Do you understand that's the charge against you?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  Mr. DiMase, I will ask you to please state

17  the elements of the offense in question.

18           Just give me a moment.

19           When you are ready, Mr. DiMase.

20           MR. DiMASE:  I'm sorry, your Honor?

21           THE COURT:  Please state the elements of the offense

22  in question.

23           MR. DiMASE:  Very good.

24           There is just one very brief point about the plea

25  agreement that I wanted to raise also.  The previous defense

H898POWP

1  attorney's name is on the last page of the agreement.  Ms.

2  Colson has crossed that out and put her name in there.  That

3  was an error and it has been corrected by virtue of the

4  correction made by Ms. Colson.

5          THE COURT:  I see.  OK.  Thank you.

6          MR. DiMASE:  It's at the very bottom of page 6 of the

7  agreement.

8          Moving on to the elements of the charged offense,

9  those elements are as follows:

10          First, that the defendant intentionally accessed a

11  protected computer;

12          Second, that that access was without authorization;

13          Third, that by doing so, he recklessly caused damage.

14  I do want to come back to the definition of damage in a moment;

15          Finally, that conduct resulted in a loss of $5,000 or

16  more during a period of one year.

17          With respect to damage, under the case law regarding

18  the statute, damage can mean, among other things, depriving

19  individuals from access to data that they would otherwise have

20  access to, which I think is at least one of the theories

21  applicable in the instant matter.

22          THE COURT:  Thank you.

23          Mr. Powell, did you hear the attorney for the

24  government state what the elements of the offense in question

25  are?

H898POWP

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Do you understand that if you were to go

3   to trial, the government would have to prove all of those

4   elements beyond a reasonable doubt?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Mr. DiMase, venue as well.

7           MR. DiMASE:  Yes, your Honor.

8           The government would also have to demonstrate that

9   venue is proper in this district by a preponderance of the

10  evidence.  I am happy to address that factually.

11          THE COURT:  We will come to that.  All right.  Thank

12  you.

13          Mr. Powell, I am now going to talk to you about the

14  maximum possible penalties you face for this crime.  The

15  maximum means the most that could possibly be imposed.  It

16  doesn't mean that's what you necessarily will receive, but you

17  do have to understand that by pleading guilty, you are exposing

18  yourself to the possibility of receiving any combination of

19  punishments up to the maximum that I am about to describe.

20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  First, I am going to talk to you about the

23  maximum possible restrictions on your liberty.  Here, the

24  maximum term of imprisonment for this crime is five years.

25          Do you understand that?

H898POWP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And any term of imprisonment could be

3   followed by up to three years of supervised release.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  And to explain that term "supervised

7   release," that means that you would be subject to supervision

8   by the probation department, and there would be rules of

9   supervised release you would have to follow.  If you were to

10  violate those rules, you can be returned to prison without a

11  jury trial to serve additional time, with no credit for time

12  you served in prison as a result of your sentence and no credit

13  for any time spent on post-release supervision.

14         Do you understand that?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  In addition to the restrictions on your

17  liberty, the maximum possible punishment also includes certain

18  financial penalties.

19         Here, the maximum allowable fine is $250,000, or twice

20  the gross gain derived from the offense or twice the gross loss

21  to persons other than yourself, whichever is greater.

22         In addition, I can order restitution to any person or

23  entity injured as a result of your criminal conduct, which here

24  the government has calculated at $278,855.15.

25         I can also order you to forfeit all property derived

H898POWP

1    from the offense or used to facilitate the offense.

2               Finally, I must order a mandatory special assessment

3    of $100.

4               Do you understand that what I have just described are

5    the maximum possible financial penalties you face for this

6    crime?

7               THE DEFENDANT:  Yes, your Honor.

8               THE COURT:  Mr. Powell, are you a United States

9    citizen?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  Do you understand that as a result of your

12   guilty plea, you may lose certain valuable civil rights, to the

13   extent that you have them now or otherwise obtain them now,

14   such as the right to vote, the right to hold public office, the

15   right to serve on a jury, and the right to possess any kind of

16   firearm?

17              Do you understand that?

18              THE DEFENDANT:  Yes, your Honor.

19              THE COURT:  Are you serving any other sentence, state

20   or federal, or being prosecuted in state court for any other

21   crime?

22              THE DEFENDANT:  No, your Honor.

23              THE COURT:  Mr. Powell, I do want to make sure you

24   understand that if your lawyer or anyone else has attempted to

25   predict what your sentence will be, that prediction could be

H898POWP

1    wrong.  No one, not your lawyer, not the government's lawyer,

2    no one can give you any assurance of what your sentence will

3    be, since I am going to decide your sentence, and I am not

4    going to do that now.  I am going to wait until I receive a

5    presentence report that will be prepared by the probation

6    department.  I will do my own independent calculation of the

7    sentencing guideline range.  I will consider it and any

8    possible departures from it and determine what a reasonable

9    sentence is for you based on the sentencing factors contained

10   in a statute called 18 U.S.C., Section 3553(a).

11             Do you understand all that?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  You have discussed these issues with your

14   lawyer?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  So even if your sentence is different from

17   what you expect or what anyone else has told you it might be,

18   even if it's different from what is contained in the written

19   plea agreement that you have entered into with the government,

20   you will still be bound by your guilty plea and will not be

21   allowed to withdraw your plea of guilty.

22             Do you understand that?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  I understand there is a written plea

25   agreement entered into between you and your lawyer and the

H898POWP

1     lawyer for the government, is that correct?

2             THE DEFENDANT:  Yes, your Honor.

3             THE COURT:  I have the original of the plea agreement

4     in front of me at the moment.  It's dated July 13, 2017.  It

5     appears to be six pages long.

6             I will ask my deputy to mark the original as Court

7     Exhibit 1, and please place that in front of Mr. Powell.

8             Mr. DiMase, when we are finished discussing it, I will

9     ask the government to retain the original in its records,

10    please.

11            MR. DiMASE:  Yes, your Honor.

12            THE COURT:  I have a copy of what you have as the

13    original in front of you there, Mr. Powell.  On the front page,

14    is it dated July 13, 2017?

15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  On the last page, the sixth page, is that

17    your signature?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  Did you sign that today?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  Did you sign it in the presence of

22    counsel?

23            THE DEFENDANT:  Yes, your Honor.

24            THE COURT:  Did you read the document at some point

25    before you signed it?

H898POWP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  You discussed it with your lawyer before

3   you signed it?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  You believed you fully understood the

6   document before you signed it?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  One of the features of your agreement with

9   the government is that you have agreed on a guideline

10   calculation that applies in this case, that's something called

11   the stipulated guideline range.

12          Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  In your plea agreement with the

15   government, you and the government have agreed that the

16   guideline range is 30 to 37 months' imprisonment.

17          Do you see that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  You have also stipulated with the

20   government that the fine range is $10,000 to $100,000.

21          Do you see that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  It's important to understand that

24   agreement is binding on you and it's binding on the government.

25   It's not binding on me.  I do have my own obligation to

H898POWP

1    determine the correct guideline range and what the appropriate

2    sentence is in your case.  I am not saying I will come up with

3    a range different from the one you have agreed to with the

4    government, but if I do, I will not let you withdraw your plea

5    even if the range I determine is higher than the one that you

6    agreed to with the government.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  In your plea agreement, you have waived

10   your right to appeal or otherwise challenge any sentence that

11   is 37 months or below.  In other words, if I were to sentence

12   you to 37 months or anything less than 37 months, you would

13   have no right to appeal or otherwise try to challenge that

14   sentence.

15             Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Counsel, are there any other aspects of

18   the plea agreement that you would like highlighted at this

19   time?

20             MR. DiMASE:  Judge, not any particular aspects of the

21   agreement.  I don't know if you asked him whether there was any

22   force or any threats.

23             THE COURT:  I will ask him that.

24             MR. DiMASE:  Other than that, no.

25             THE COURT:  Ms. Colson.

H898POWP

1          MS. COLSON:  No, your Honor.  Thank you.

2          THE COURT:  Mr. Powell, the plea agreement that we

3   have been discussing, does that constitute your complete and

4   total understanding of the entire agreement between you and the

5   government?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Other than what is written --

8          MR. DiMASE:  Sorry, judge.  I did actually have one

9   other point.

10          THE COURT:  OK.

11          MR. DiMASE:  Do you want to finish?

12          THE COURT:  No.  Go ahead.

13          MR. DiMASE:  I think it may be wise under the

14   circumstances to just orally apprise Mr. Powell of the

15   restitution amount as set forth in the agreement.

16          THE COURT:  I did do that, but I will do it again.

17          As indicated earlier, Mr. Powell, and as indicated in

18   the last paragraph of the first page of the plea agreement, you

19   agree to make restitution in the amount of $278,855.15.

20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Mr. DiMase, while we are at it, there is

23   no reference to forfeiture in the plea agreement?

24          MR. DiMASE:  That's correct.  The government is not

25   seeking forfeiture here.

H898POWP

 1          THE COURT:  Mr. Powell, other than what is written in

 2   this agreement, has anyone made any promise or offered you any

 3   inducement to plead guilty or to sign the agreement?

 4          THE DEFENDANT:  No, your Honor.

 5          THE COURT:  Has anyone threatened you or forced you to

 6   plead guilty or to sign the plea agreement?

 7          THE DEFENDANT:  No, your Honor.

 8          THE COURT:  Has anyone made a promise to you as to

 9   what your sentence will be?

10          THE DEFENDANT:  No, your Honor.

11          THE COURT:  Thank you.

12          Ms. Colson, if you can hand Mr. DiMase the original of

13   the plea agreement for the government to retain in its records.

14          Thank you so much.

15          Mr. Powell, what I am going to ask you to do now is

16   tell me in your own words what you did that makes you believe

17   that you are guilty of the crime charged in the information.

18          THE DEFENDANT:  In 2015 and 2016, I intentionally

19   accessed the Pace University computer system without

20   authorization from the university or its students.

21   Specifically, I obtained access to various student e-mail

22   accounts and sometimes changed account passwords without the

23   students' knowledge or authorization, thus impairing their

24   ability to access or use their e-mail.  Pace University is in

25   New York City.  I understand that my actions resulted in more

H898POWP

1   than $5,000 of loss to Pace University.  I knew my conduct was

2   against the law.

3              THE COURT:  You said Pace is where?

4              THE DEFENDANT:  In New York City.

5              THE COURT:  In Manhattan?

6              THE DEFENDANT:  Manhattan.

7              THE COURT:  Thank you.

8          Mr. DiMase, any questions you would like me to ask?

9              MR. DiMASE:  No, your Honor.  I think that's a

10  sufficient allocution.  I would like to make a brief factual

11  proffer as well, but I have no further questions for the

12  defendant.

13             THE COURT:  I will give you that opportunity in a

14  moment.

15         Mr. Powell, I note that in telling me what you did,

16  you read from a statement that I presume you worked on with

17  your attorney, and I appreciate that effort in preparation for

18  this conference.  I do want to make sure you understood

19  everything that you read to me.

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  You accept those words fully as your own?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Thank you.

24         Ms. Colson, you agree there is a sufficient factual

25  predicate for this plea?

H898POWP

| | |
|---|---|
| 1 | MS. COLSON:  I do, your Honor. |
| 2 | THE COURT:  Do you know of any valid defense that |
| 3 | would likely prevail at trial or any reason why your client |
| 4 | should not be permitted to plead guilty? |
| 5 | MS. COLSON:  No, your Honor. |
| 6 | THE COURT:  Mr. DiMase, I will ask you now to make a |
| 7 | proffer to the Court as to what the evidence would consist of |
| 8 | if we were to go to trial, and what it would show with respect |
| 9 | to Mr. Powell. |
| 10 | MR. DiMASE:  Yes, your Honor. |
| 11 | In broad strokes, the government's evidence at trial |
| 12 | would include data both from the workplace from which Mr. |
| 13 | Powell conducted the intrusion and also records on the Pace |
| 14 | University side showing how the intrusion occurred on their |
| 15 | end, along with testimony of various witnesses, and would, in |
| 16 | summary, demonstrate that Mr. Powell used a work tablet from |
| 17 | his work office in Arizona to access a password reset utility |
| 18 | at Pace University here in New York, and this occurred, |
| 19 | approximately, between 2015 and 2016; that by accessing that |
| 20 | utility, on many occasions Mr. Powell was able to obtain new |
| 21 | passwords to access student e-mail accounts and access to many |
| 22 | such accounts.  He then logged into the accounts, and further |
| 23 | logged into other accounts that were linked to those student |
| 24 | e-mail accounts, in order to download sexually explicit |
| 25 | photographs and videos of women.  In the process of doing this, |

H898POWP

         1    and when those passwords were changed, students were unable to

         2    access their own e-mail accounts and data because they did not

         3    possess the correct password to get in.

         4            In response to this intrusion, Pace retained a

         5    forensic firm to understand what had happened and the extent of

         6    the damage caused by the intrusion, and, obviously, who was

         7    behind it.  The cost for that work was well over $5,000, and is

         8    represented by the restitution amount set forth in the

         9    agreement of $278,855.15, in order to analyze an address and

        10    respond to the intrusion.

        11            With respect to venue, the evidence would show that

        12    the main campus of the university is located in Manhattan and

        13    that its e-mail and password reset utility computer servers are

        14    also located in the Southern District of New York,

        15    specifically, in Westchester County.

        16            THE COURT:  Ms. Colson, any objections to the

        17    government's proffer?

        18            MS. COLSON:  Not at this time, your Honor.

        19            THE COURT:  You say "not at this time."  Are there

        20    disputes that might pertain to sentencing?

        21            MS. COLSON:  I don't think so, no.

        22            THE COURT:  I ask because I want to ask Mr. Powell if

        23    he has any objection to what the government has indicated he

        24    has done.  I won't do that if there is a lingering dispute that

        25    could pertain to sentencing.

H898POWP

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  No objections; you did the things the

3    government just stated you did?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Before I ask Mr. Powell for formal entry

6    of his plea, one last opportunity for counsel to indicate if

7    they know of any reason I should not accept the defendant's

8    plea of guilty.

9          MR. DiMASE:  None from the government, your Honor.

10          MS. COLSON:  No, your Honor.  Thank you.

11          THE COURT:  Mr. Powell, based on everything that we

12    have discussed, I will ask for your formal entry of plea with

13    respect to Count One charged in the information 17 Cr. 40.  How

14    do you plead, sir?

15          THE DEFENDANT:  Guilty.

16          THE COURT:  Mr. Powell, because you acknowledge that

17    you are in fact guilty as charged in the information, because I

18    am satisfied that you know of your rights, including your right

19    to go to trial and that you are aware of the consequences of

20    your plea, including the sentence which may be imposed, and

21    because I find that you are knowingly and voluntarily pleading

22    guilty, I do accept your guilty plea and enter a judgment of

23    guilty on Count One of the information.

24          I do order the preparation of the presentence report

25    by the probation department.

H898POWP

1          Mr. Powell, the probation department will want to

2     interview you in connection with the presentence report that it

3     will prepare.

4          Ms. Colson, does defense counsel wish to be present

5     for any interview in connection with the report?

6          MS. COLSON:  I do, your Honor.

7          THE COURT:  I order probation conduct no interview

8     unless counsel is present.

9          Mr. Powell, if you do choose to speak to the probation

10    department, please make sure that anything you say is truthful

11    and accurate.  I will read the report carefully in deciding

12    what sentence to impose and it is important to me in that

13    regard.  You and your counsel have a right to examine the

14    report and to comment on it at the time of sentencing, so I do

15    urge you to read it and discuss it with your lawyer before

16    sentencing.  If there are any mistakes in it, please point them

17    out to your lawyer so she can bring them to my attention before

18    sentencing.

19          I propose sentencing to take place on December 1st at

20    12 p.m.

21          Mr. DiMase.

22          MR. DiMASE:  One moment, your Honor.

23          That's fine for the government.

24          THE COURT:  Ms. Colson.

25          MS. COLSON:  That's fine, your Honor.  Thank you.

H898POWP

1          THE COURT:  Sentencing is hereby set for that date and

2     time.

3          I direct the government to provide the probation

4     officer with its factual statement within seven days.

5          Defense counsel, please do arrange for Mr. Powell to

6     be interviewed by the probation department within the next two

7     weeks.

8          I do refer counsel to my individual rules and

9     practices for criminal cases available on the Court's Web site,

10    which contains some rules regarding sentencing submissions.  In

11    accordance with those rules, the defense submission is due one

12    week prior to sentencing and the government submission is due

13    three days prior to sentencing.

14         Current bail status, any objection to the present bond

15    being continued to the date of sentencing?

16         MR. DiMASE:  No, your Honor.

17         MS. COLSON:  No, your Honor.

18         THE COURT:  It will be so continued.

19         Mr. Powell, please understand that all conditions on

20    which you were released up to now continue to apply and a

21    violation of any of those conditions can have serious

22    consequences for you at the time of sentencing; and, of course,

23    you must be in the courtroom for sentencing at the time and

24    date that I have set, unless you hear from counsel that there

25    has been any alteration to that.  Failure to do so could result

H898POWP

in a determination of guilt of a separate crime, bail jumping,
and could subject you to a fine and/or prison term in addition
to whatever sentence you may receive for the crime to which you
just pled guilty.  OK, sir?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Counsel, is there anything else that I can
address at this time?

        MR. DiMASE:  Nothing from the government.  Thank you.

        MS. COLSON:  Nothing, your Honor.  Thank you.

        THE COURT:  Thank you very much.  I will see you on
December 1.

        We are adjourned.

        (Adjourned)